## Commonwealth v. Moore

*J. Stroud Weber*, for Commonwealth.
*Frank X. Renninger*, for defendant.

DANNEHOWER, J., April 13, 1948.—Defendant entered a plea of not guilty and elected to be tried by a judge without a jury, on the charge of violating subsection (b) of section 1025 of The Vehicle Code of May 1, 1929, P. L. 905, as amended, commonly known as "failure to exhibit operator's license and give identification at scene of motor vehicle accident". He demurred to the Commonwealth's evidence.

The testimony reveals that on November 2, 1947, at 6:55 p.m., defendant operated his Ford sedan and failed to make a turn at Hillside and Florence Avenues, Jenkintown, and ran into the front wall of a vacant house owned by Harry Roland, causing damage. When the police arrived at the scene the car was against the wall and the operator had departed. Later, after a search, the operator was found and arrested on this charge.

To this evidence, defendant has demurred, contending that the charge comes within subsection (d) of the act, a summary conviction where the property is unattended, and not within subsection (b), a misdemeanor.

There is no doubt but that defendant did stop his vehicle at the scene of such accident, because his car was against the wall of the house. Under subsection (b) he was required to identify himself "to the person struck, or the driver or occupants of any vehicle involved or the owner or custodian of any property involved". There was no person struck, no other vehicle involved, and as the house was vacant, the owner or custodian of the property was not present. Therefore, defendant was unable to comply with subsection (b).

Under subsection (d) it was defendant's duty to locate and notify the owner of such unattended property or leave a written notice upon the unattended property, giving the name and address of the driver, and a statement of the circumstances thereof.

Under the facts of this case, the violation falls clearly within subsection (d)—a summary conviction, as was intended by the legislature by this amendment, and not under subsection (b)—a misdemeanor.

And now, April 13, 1948, for the foregoing reasons, defendant's demurrer is sustained. He is adjudged not guilty of a violation of subsection (b) and discharged. Costs are to be paid by the county.